# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br>ANGELA JOHNSON,<br><br>Defendant. | No. CR 01-3046-MWB<br><br>MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO RECONSIDER PORTIONS OF THE JANUARY 16, 2013, MEMORANDUM OPINION AND ORDER |

_____

This capital case, which is set for a "penalty retrial" beginning on June 3, 2013, is before me on the prosecution's February 15, 2013, Motion To Reconsider Portions Of The Court's Order Dated January 16, 2013 (docket no. 966). The challenged decision is my Memorandum Opinion And Order Regarding Defendant's Motion To Dismiss Certain Statutory And Nonstatutory Aggravating Factors From The Government's Third Amended Notice Of Intent To Seek The Death Penalty (docket no. 951), *published at United States v. Johnson*, ___ F.3d ___, 2013 WL 163463 (N.D. Iowa Jan. 16, 2013). The challenged portions of that decision are the following rulings: (1) that the new jury will not redetermine the defendant's eligibility for the death sentence; (2) that I will instruct the new jury that the defendant's only possible sentences are death or life without parole; and (3) that evidence of the defendant's future dangerousness outside of prison will be excluded. I reviewed the parties' positions and stated my own regarding this motion during a status conference on March 4, 2013, which was primarily devoted to matters relating to jury selection, and indicated that this written ruling would follow.

As to the first issue that the prosecution asks me to reconsider, the prosecution has not convinced me that the applicable sentencing statute, former 21 U.S.C. § 848(g)-(r), prohibits a retrial of only the "penalty phase" of the trial, but not the "eligibility phase," or that case law permitting the "bifurcation" of the sentencing hearing into "eligibility" and "penalty" phases is unpersuasive or wrong. Thus, I reiterate my conclusion that the "penalty retrial" here is properly limited to a retrial of the "penalty phase," involving the determination of the existence of "non-statutory aggravating factors" and "mitigating factors" by the new jury and the new jury's weighing of the "statutory aggravating factors" found by the original jury with the "non-statutory aggravating factors" found by the new jury against any "mitigating factors" found by the new jury. The new jury will not redetermine whether or not the defendant is "eligible" for the death penalty on any counts.

In the alternative, the prosecution asked me to clarify what evidence will be admissible in the "penalty retrial," because the prosecution argues that the practical effect of my ruling limiting the scope of the "penalty retrial" is to preclude the prosecution from presenting certain evidence of substantial planning and premeditation of the July 1993 murders, as well as precluding the jury from considering a statutory aggravating factor of substantial planning and premeditation as to those murders. As I explained in the challenged ruling,

> In this case, the obvious exception to use of evidence from the original trial or live testimony is that any evidence of "substantial planning and premeditation" relating to any of the CCE murders other than the murder of Terry DeGeus in **Count 10** will not be admissible *for the purpose of reopening the consideration of that "statutory aggravating factor" as to those other murders*. Admitting trial evidence, or any other evidence, of "substantial planning and premeditation" *for that purpose* would be unfairly prejudicial, where that "statutory aggravating factor" is not properly at issue as to those Counts in light of the standing "eligibility phase" verdicts.

2

January 16, 2013, Memorandum Opinion And Order (docket no. 951) at 21-22, *Johnson*, ___ F.3d at ___, 2013 WL 163463 at *10 (emphasis added). At the status conference, I observed that I was unable to recall any evidence of "substantial planning and premeditation" relating to the July 1993 murders that would not have been admissible for some other proper purpose in the "penalty retrial," including demonstrating the defendant's culpability, and the defendant was unable to identify any such evidence. Thus, I would be surprised if there is any such evidence. Saying so does not preclude the defendant from filing a pretrial motion in limine, however, if she identifies *specific evidence* that she believes is relevant *only* to "substantial planning and premeditation" of the July 1993 murders or that she believes is substantially more prejudicial than probative on an issue properly before the jury in the "penalty retrial." *See* Former 21 U.S.C. § 848(j).

As to the second and third issues raised by the prosecution in its Motion To Reconsider, I stand firm on my prior conclusions that I will instruct the jury that the defendant's only possible sentences are death or life without parole and that evidence of the defendant's future dangerousness outside of prison will be excluded. The prosecution has not convinced me that my original reasons for these conclusions are suspect or wrong. Moreover, the defendant has now indicated that she will stipulate that the available sentences are death or life without parole and that she will not seek any lesser sentence, essentially mooting the prosecution's grounds for seeking to reopen these issues.

For her part, in her February 28, 2013, Resistance To Government's Motion To Reconsider Portions Of The Court's Order Dated January 16, 2013 (docket no. 969), Johnson argues that, to the extent that I reconsider any portion of the pertinent ruling, I should also reconsider my ruling allowing the government to subdivide its single unadjudicated misconduct aggravator into multiple aggravators. *See* January 16, 2013, Memorandum Opinion And Order (docket no. 951) at 121, *Johnson*, ___ F.3d at ___, 2013 WL 163463 at *63. Although I do not retreat from my conclusion that the

defendant has not raised an inference of "vindictiveness" in the prosecution's formulation of "non-statutory aggravating factors," I now question whether "mitigating factors" and "non-statutory aggravating factors" are necessarily subject to "symmetrical" standards, in light of authorities that Johnson has cited. *Compare, e.g., McCleskey v. Kemp*, 481 U.S. 279, 305-06 (1987) (mitigating circumstances include *any relevant circumstances*) *with, e.g., Stringer v. Black*, 503 U.S. 222 (1992) (there is an Eighth Amendment prohibition on artificially inflating the number of aggravating factors). Consequently, if the defendant can demonstrate that specific separate "non-statutory aggravating factors" are so closely-related factually or that they are probative of essentially the same issue such that treating them as separate factors improperly inflates the number of "aggravating factors," I will likely require the prosecution to reformulate those factors into a single "umbrella" factor. For example, separate incidents of uncharged criminal conduct may more properly be reformulated as a single "uncharged criminal conduct" "non-statutory aggravating factor." On the other hand, I will likely allow the defendant more leeway in formulating related incidents or factors as separate "mitigating factors."

THEREFORE, the prosecution's February 15, 2013, Motion To Reconsider Portions Of The Court's Order Dated January 16, 2013 (docket no. 966) is **denied** in its entirety.

**IT IS SO ORDERED**.

**DATED** this 5th day of March, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA